# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0124V
UNPUBLISHED

| | |
|---|---|
| DOROTHY STRADFORD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 16, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 4, 2020, Dorothy Stradford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain Barre Syndrome ("GBS") as a result of an influenza vaccine received on October 1, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 23, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 15, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $190,169.55, as further detailed below. Proffer at 1. In the Proffer, Respondent represented that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

- **A lump sum payment of $4,092.99, representing the balance due for Petitioner's past medical treatment received at Overlook Hospital, in the form of a check payable jointly to Petitioner and   Certified Credit & Collection**
  **P.O. Box 1750**
  **Whitehouse Station, NJ 08889**

  **Petitioner agrees to endorse this payment to Certified Credit & Collection; and**

- **A lump sum of $186,076.56 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                    <u>**s/Brian H. Corcoran**</u>
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DOROTHY STRADFORD<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-124V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

I. **Procedural History**

On February 4, 2020, Dorothy Stradford ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. Petitioner alleges that, as a result of receiving the influenza vaccine on October 1, 2018, she suffered from Guillain-Barre Syndrome ("GBS"). *See* Petition at Preamble.

On July 23, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe, and the Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 26; ECF No. 28.

II. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$190,169.55,** for all damages, including $185,000.00 representative of pain and suffering, $1,076.56 representative of incurred out-of-pocket medical and related expenses, and $4,092.99 representative of a past-due balance on petitioner's medical bill. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**III.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:

- a lump sum of **$4,092.99**, representing the balance due for petitioner's past medical treatment received at Overlook Hospital, in the form of a check payable jointly to petitioner and Certified Credit & Collection
PO Box 1750, Whitehouse Station, NJ 08889.

  Petitioner agrees to endorse this payment to Certified Credit & Collection; and

- a lump sum of **$186,076.56** in the form of a check payable to petitioner.[1]  This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

                                             *s/ Adriana Teitel*
                                             ADRIANA TEITEL
                                             Trial Attorney
                                             Torts Branch, Civil Division
                                             U.S. Department of Justice
                                             P.O. Box 146, Benjamin Franklin Station
                                             Washington, DC 20044-0146
                                             Tel:  (202) 616-3677
                                             Email: adriana.teitel@usdoj.gov

Dated: November 15, 2021