# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-0124V**
(not to be published)

|  |  |
|---|---|
| DORTHY STRADFORD, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: September 6, 2022 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 4, 2020, Dorothy Stradford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain Barre Syndrome ("GBS") as a result of an influenza vaccine received on October 1, 2018. (Petition at 1). On November 16, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 16, 2022 (ECF No. 39), requesting an award of $32,741.74 (representing $31,007.70 in fees and $1,734.04 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $423.55. Id. at 2. Respondent reacted to the motion on May 25, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 40. On May 26, 2022, Petitioner filed a reply requesting "that the Court award petitioner all fees and costs requested in Petitioner's Application.  ECF No. 41.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $33,165.29[3] as follows:**

- **A lump sum of $32,741.74, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Leah VaSahnja Durant; and**

- **A lump sum of $423.55, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.